**Igor Vasilyevich RUMIZAK, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–3269–ag.

United States Court of Appeals, Second Circuit.

April 27, 2006.

Tatiana S. Aristova, Philadelphia, Pennsylvania, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Sally M. Richardson, Kathleen M. Salyer, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Igor Vasilyevich Rumizak, though counsel, petitions for review of the May 31, 2005 BIA order affirming the decision of Immigration Judge Alan A. Vomacka ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including determinations that an applicant failed to prove eligibility for asylum or withholding of removal, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 238 (2d Cir.1992). Questions of law, such as assertions that the IJ used the incorrect standard of law, are reviewed *de novo. See, e.g., Secaida–Rosales,* 331 F.3d at 307.

■ Rumizak challenges the decisions of the IJs in Miami and New York to uphold the willful misrepresentation and fraud charges brought against him arguing that the IJs should have accepted his explanation of duress. An IJ can properly determine that an alien committed fraud if he willfully misrepresented a material fact seeking to procure admission to the United States. 8 U.S.C. § 1182(a)(6)(C)(i). Rumizak argued that he was under duress when he presented a false passport at the airport in Miami, because he was in a hurry to leave Ukraine and he had no choice but to submit a false passport as that was all he had. The IJ rejected this explanation because Rumizak also admitted that he knew the passport he presented at the border was fraudulent. As Rumizak could have simply sought asylum at the airport rather than present the passport, the IJ reasonably determined that he has not presented sufficient evidence of duress to undermine the fraud charge. *See, e.g., United States v. Bailey,* 444 U.S. 394, 410, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) (explaining that an alien is not under duress if there is a "reasonable, legal alternative to violating the law"); *United States v. Bakhtiari,* 913 F.2d 1053, 1058 (2d Cir.1990).

■ The IJ also made an adverse credibility finding in this case citing to several inconsistencies between Rumizak's testimony and supporting documents, and Rumizak challenges that finding. The IJ found that Rumizak was not credible because: 1) he was inconsistent as to the date of the first attack; 2) he was inconsistent as to when he reported the first incident to the police; 3) he was inconsistent as to what happened to him in March and April 2002; 4) he failed to mention his hospitalization at the airport interview; 5) he could not recall where his wife lived in Poland; and 6) he waited a significant amount of time before submitting supporting documents to the Court.

In this case, the IJ erred in relying on Rumizak's testimony regarding when he went to the police after his first attack because this testimony was not, in fact, inconsistent. The IJ also erred in relying on Rumizak's failure to mention his hospitalization at his airport interview because the interview was not sufficiently designed to elicit information about Rumizak's injuries. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005). However, the other factors upon which the IJ relied were supported by substantial evidence. Where a factual finding is based, in part, on flawed grounds, remand is not required where it can be "confidently predicted" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Because the error-free bases used by the IJ lend strong support to the negative credibility determination, it can be confidently predicted that the IJ would reach the same conclusion.

An adverse credibility determination made in the asylum context does not necessarily affect the alien's CAT claim. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004). However, an adverse credibility determination that includes a finding that the applicant failed to establish a fact that "formed the only potentially valid basis" for the claim, may be a proper basis for the denial of CAT relief. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Because the adverse credibility finding in this case is supported by substantial evidence and undermines the only potential basis for Rumizak's CAT claim, the credibility determination is sufficient to deny Rumizak's CAT claim.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).